UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CHRISANTHIS,

    Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES OF AMERICA, and DOES 1–10,

    Defendant.

No. C 22-04441 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Anthony Chrisanthis and his same counsel are once again before the undersigned to litigate disputes arising out of his prior employment with the Department of Veterans Affairs. A prior order found this action related to *Chrisanthis v. Nicholson*, No. C 07-00566 WHA (N.D. Cal. 2007), whose progeny includes two other related actions, *Chrisanthis v. United States*, No. C 08-02472 WHA (N.D. Cal. 2008), and *Chrisanthis v. United States*, No. C 14-02784 WHA (N.D. Cal. 2014). For the reasons that follow, defendants' motion to dismiss is **GRANTED**.

## STATEMENT

Defendants moved to dismiss this action in June 2023. In response, plaintiff filed an amended complaint. Defendants then moved to dismiss the amended complaint in August 2023 (Dkt. No. 36). An order subsequently related this action to those prior, and it was

reassigned to this judge with the instruction that motion briefing deadlines remain unchanged (Dkt. No. 41). No opposition to the motion to dismiss was filed by that deadline. Three days before the scheduled hearing, plaintiff filed his belated opposition, which asserts summarily that the current action regards only retirement benefits and that "Plaintiff is certainly willing to again amend the pleadings to clearly emphasize his retirement benefits claim which was not an issue in the previous pleadings cited by Defendant" (Opp. ¶¶ 1, 3, Dkt. No. 46-1). Plaintiff's opposition also requested a remote appearance for the hearing given that counsel resides in an assisted living facility and cannot travel due to his medical conditions (Response ¶ 2, Dkt. No. 46). That hearing was thus vacated, as this order follows sufficient briefing and finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b).

Our amended complaint is almost entirely copied and pasted from plaintiff's amended complaint in the 2014 action (*compare* First Amd. Compl., Dkt. No. 32, *with* First Amd. Compl., *Chrisanthis*, No. 14-cv-02784-WHA (N.D. Cal. Dec. 30, 2014) (Dkt. No. 29)). The biggest difference is that while both actions are premised on defendants having "knowledge of Plaintiff's emotional distress because of previous filings and chose to ignore his mental health status when denying him reinstatement," our current complaint adds the phrase "and the payment of retirement benefits" to the end of that sentence (First Amd. Compl. 4).

To summarize, this order likewise borrows heavily from our prior order in the 2014 action:

> Plaintiff Anthony Chrisanthis worked for approximately seventeen years as a respiratory therapist with defendant Department of Veterans Affairs and, at an unstated point in time, went on medical leave. Plaintiff requested reinstatement in October 2011 but received no response, at which point plaintiff began to suffer from symptoms of severe emotional distress. He renewed his reinstatement request in February 2012. Defendants allegedly replied that he could reapply for a position with Veterans Affairs, but did not indicate that Plaintiff could be reinstated as a respiratory therapist. His emotional distress then worsened. In September 2013 plaintiff filed a "Federal Tort Claim," and it was "rejected by defendants" on January 17, 2014 (First Amd. Compl. 1, 2).
>
> Plaintiff's complaint alleges two claims for relief: (1) negligent infliction of emotional distress and (2) intentional infliction of emotional distress.

2

*Chrisanthis v. United States*, No. C 14-02784 WHA, 2015 WL 887578, at *1 (N.D. Cal. Feb. 27, 2015), *aff'd*, 682 F. App'x 631 (9th Cir. 2017). Our amended complaint alleges the same two claims for relief, and does not contain a claim for retirement benefits (although plaintiff offers to amend yet again). The question is therefore whether plaintiff's attempt to reframe this action as one for retirement benefits — plaintiff's sole argument — avoids our prior judgment. It does not.

**ANALYSIS**

Plaintiff's response does not directly address any of defendants' arguments for dismissal, the primary one being that this action is identical to plaintiff's prior action and is thus barred under res judicata. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added) (citation omitted). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)). All three factors are met here given the same parties and substantively identical complaints, which plaintiff has already amended once.

Apart from using the same complaint, plaintiff in briefing all but concedes that this action is based on the same claims. The second paragraph of plaintiff's three-paragraph opposition states that "[t]hose retirement benefits are earned benefits and would accrue to Plaintiff if not for the tortious actions by Defendant that resulted in the denial of retirement benefits to Plaintiff" (Opp. ¶ 2). That is, the retirement benefits claim here is still premised on the underlying tort claims (as laid out in our current amended complaint), which were the bases of the 2014 action (replicated here). Tellingly, plaintiff initially filed his opposition brief in the 2007 action to which the current and prior actions were related, but before the order relating the present action issued (Dkt. No. 46). Plaintiff's opposition asserts that relation would be "patently unfair to Plaintiff and deny Plaintiff due process for the current case," in apparent anticipation of relation. Plaintiff's own arguments thus point — at best — to an *additional*

3

claim premised on the same facts underlying the identical tort claims as before, and not a substantively different claim depending on different facts "based on events which occurred after our [prior] opinion." *See W. Radio Servs. Co.*, 123 F.3d at 1192.

In any event, the same conclusions in our decision dismissing the prior action would apply to plaintiff's unpled retirement benefits claim, rendering any further amendment futile. The United States Court of Appeals for the District of Columbia Circuit has explained:

> As a general matter, the Civil Service Reform Act [(CSRA)] and Federal Employees' Retirement System Act preclude district court review of challenges to federal employee retirement benefits determinations. Those statutes provide for administrative review, with final agency decisions subject to appeal directly to the U.S. Court of Appeals for the Federal Circuit.
>
> . . .
>
> The Federal Employees' Retirement System (FERS) Act of 1986, 5 U.S.C. § 8401 *et seq.*, establishes a system of retirement benefits for federal employees and their survivors. With limited exceptions, it tasks [the Office of Personnel Management (OPM)] with administering that system and "adjudicat[ing] all claims under [the FERS Act] administered by [OPM]." *Id.* § 8461(b), (c). As relevant here, the FERS Act channels claims regarding OPM benefits determinations through the CSRA's two-tier system of review, beginning with the [Merit Systems Protection Board (MSPB)]. *See id.* § 8461(e)(1). The FERS Act provides that, subject to certain exceptions, "an administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of [the FERS Act] administered by [OPM] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." *Id.*; *see Rodriguez v. United States*, 852 F.3d 67, 83 (1st Cir. 2017); *cf.* [*Fornaro v. James*, 416 F.3d 63, 64–67 (D.C. Cir. 2005)] (describing the parallel remedial regime under the Civil Service Retirement System Act).

*Fed. L. Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 554–55 (D.C. Cir. 2023). Consistent with the foregoing, plaintiff's prior action was dismissed in 2015 for lack of subject-matter jurisdiction "without prejudice to plaintiff's possible pursuit of an administrative claim under the CSRA." *Chrisanthis*, 2015 WL 887578, at *2. In affirming that decision, our court of appeals further pointed out:

> We express no opinion on the merits of Plaintiff's appeal to the Merit Systems Protection Board (MSPB), which Plaintiff filed after he filed his Opening Brief. *See* 5 U.S.C. § 7701(a). Accepting Plaintiff's assertions that he appealed to the MSPB and

4

> that the assigned administrative judge rejected it because there was no final action on behalf of the Department of Veterans Affairs does not change our judgment. We note that if Plaintiff takes issue with the MSPB's determination, the CSRA provides procedures for judicial review. *See id.* § 7703.

*Chrisanthis*, 682 F. App'x at 632–33. That was in 2017.

On the current record there is no indication of whether MSPB rendered a final decision. Regardless, plaintiff's unpled claim for retirement benefits stems from the same, prior-alleged circumstances of plaintiff's employment, and thus his claims — however construed — fall squarely within the ambit of the CSRA as challenging a "prohibited personnel practice" by defendants. *See Chrisanthis*, 2015 WL 887578, at *2. By statute, plaintiff would have had 60 days to appeal a MSPB final order or decision to — and only to — the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1). In other words, "the Civil Service Reform Act and Federal Employees' Retirement System Act preclude district court review of challenges to federal employee retirement benefits determinations." *Fed. L. Enf't Officers Ass'n*, 62 F.4th at 554–55. Taking plaintiff's complaint (identical to his complaint from 2014) as containing a claim for retirement benefits, even if plaintiff first pursued that claim with MSPB, thus "does not change our judgment." *Chrisanthis*, 682 F. App'x at 633.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**. Judgment will be entered for defendants. Leave to amend would be futile and thereby shall not be allowed.

**IT IS SO ORDERED.**

Dated: October 31, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5